UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL BANARD MOORE PLAINTIFF

V. CIVIL ACTION NO. 3:13-cv-801-CWR-FKB

NURSE UNKNOWN LITTLE, ET AL. DEFENDANTS

CONSOLIDATED WITH

MICHAEL BANARD MOORE PLAINTIFF

V. CIVIL ACTION NO. 3:14-cv-83-CWR-FKB

CEO SCOTT MARQUARDT, ET AL. DEFENDANTS

**REPORT AND RECOMMENDATION**

This cause is before the undersigned for a report and recommendation as to the motions for summary judgment filed by Defendant Carrie Duff [30], Defendant Ollie Little [32] and Defendants Jerry Buscher, Scott Marquardt and Ray Rice [34]. Having considered the entire record in this matter, the undersigned recommends that Defendants' motions be granted and that this case be dismissed.

BACKGROUND

Plaintiff, a state inmate, filed the two above-styled Section 1983 lawsuits challenging the conditions of his confinement at the East Mississippi Correctional Facility (EMCF). [32-1]. The Court held an omnibus hearing[1] in what is now the lead case on June 19, 2014, at which Plaintiff

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

and counsel for Defendants appeared.[2] During the omnibus hearing, Plaintiff described his claim in more detail and the Court ordered that the two above-styled cases be consolidated. [32-1] at 13-14.

Plaintiff alleges that he has been denied medical care at EMCF. He also claims that Defendant failed to respond properly to his grievances. More specifically, Plaintiff alleges, *inter alia*, that he was given too much insulin at EMCF, causing him to be in a diabetic coma for four days. He argues that he needs an eye specialist, eye surgery, and that his medications are not being filled and/or administered properly. Finally, Plaintiff alleges that Defendant Duff and/or Defendant Little[3] discriminated against him on the basis of his race when ejecting him from the medical area after an altercation Plaintiff had with another inmate.

Plaintiff testified that he never had any contact with Defendant Marquardt and sued him only because he was Chief Executive Officer of the company operating EMCF. [32-1] at 16. Plaintiff failed to serve Dr. Carl Faulks with process, though given ample opportunity by the Court. A "Defendant Smith" was eventually served but has not answered. At the omnibus hearing, however, Plaintiff testified that he could not identify Defendant "Nurse Smith" and was only suing her because he found her name on some paperwork regarding one of his grievances. [32-1] at 17-18.

SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the moving party can show that 'there is no genuine

---

[2]An omnibus hearing was held in the member case on April 30, 2014.

[3]During the omnibus hearing in this case, Plaintiff seemed to confuse Defendants Duff and Little. Defendant Little is a male but Plaintiff referred to him as "she" and referenced the actions he had attributed to Defendant Duff in the later filed case. [32-1] at 14.

dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.*, 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.*, 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002)).

RACE DISCRIMINATION

As noted *supr*a, Plaintiff claims that Defendant Duff and/or possibly Defendant Little discriminated against him on the basis of his race by having him removed from the medical hallway after an altercation with another inmate. Plaintiff is African-American, and according to Plaintiff, the other inmate involved in the altercation, the one who was allowed to remain in the medical hallway, is white.

Plaintiff may not prevail on a race discrimination claim under the Equal Protection Clause of the Fourteenth Amendment and Section 1983 unless he can show intentional discrimination based on race. He must demonstrate that he was treated differently than similarly situated individuals of another race. *See, e.g., Bowlby v. City of Aberdeen, Mississippi*, 681 F.3d

215, 227 (5th Cir. 2012). In support of her motion, Defendant Duff has submitted a sworn statement to the effect that she witnessed Plaintiff hitting another inmate with a shoe and that is the reason he was removed rather than the other inmate. [30-2]. Accordingly, Plaintiff and that inmate were not similarly situated. Though Plaintiff claims he was merely defending himself, Defendant Duff apparently did not see that part of the altercation but only saw Plaintiff hitting another inmate. Since Plaintiff was considered the aggressor, he was not similarly situated, nor has he demonstrated that any action was taken on the basis of his race. Plaintiff's race discrimination claim fails.

MEDICAL CARE

Plaintiff claims that Defendants denied him proper medical care in violation of his constitutional rights. Inmates have an Eighth Amendment right to adequate medical care while incarcerated. *See, e.g., Rogers v. Boatright*, 709 F.3d 403, 409-410 (5th Cir. 2013). However, mere disagreement with a prescribed course of medical treatment does not give rise to a Section 1983 claim, nor does medical malpractice. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prison official violates the Eighth Amendment only when he is deliberately indifferent to an inmate's serious medical needs. *Rogers*, 709 F.3d at 409.

In support of their motions, Defendants have submitted Plaintiff's prison medical records. Plaintiff's eyes were examined on December 14, 2011, and he received glasses. [32-2] at 1-7. His eyes were examined on March 15, 2012 [32-2] at 8, April 3, 2012 [32-2] at 10, and April 24, 2012 [32-2] at 11. Notes from the April 2012 visit indicate that "there is no needed change in the treatment for the glaucoma." "Cataract surgery is not indicated at this time...." [32-2] at 17. Though the doctor suggested focal laser, he also stated: "this condition is the result of damaged

blood vessels cause by the Diabetes and since no treatment can improve this, more complicated treatments might be needed in the future." *Id.* Plaintiff received the focal laser treatment suggested, as well as several post-operative follow-up visits. [32-2] at 18, 21, 24, 28, 32, 36.

At a July 18, 2013, follow-up visit, the doctor noted: "The subjective vision is much worse than the objective findings. ... It is impossible to determine the actual vision with the patient's inability to cooperate adequately." [32-2] at 30. Notes from a November 14, 2013, follow-up visit reflect that the doctor took Plaintiff off the eye drops for glaucoma until his return visit. [32-2] at 33. Notes from a March 20, 2014, follow-up visit reflect the same. [32-2] at 37. Those notes also reference "poor cooperation of the patient." [32-2] at 38. The Affidavit of Defendant Ollie Little states that Plaintiff received numerous prescriptions for eye medications. [32-5]. All were the type that would have been kept by Plaintiff in his cell and not administered by Defendants. *Id.*

Hospital records indicate that Plaintiff's blood sugar issues resulted from a recent increase in his insulin dosage, not any action or inaction by Defendants. [32-3] at 6,10. Plaintiff has presented nothing to indicate that any Defendant was deliberately indifferent to his serious medical needs with respect to his diabetes or his eye conditions. All Defendants are entitled to summary judgment as to Plaintiff's claims concerning denial of medical care.

Moreover, neither Defendant Marquardt nor Defendant Rice may be held liable under Section 1983 for supervisory liability, even if the Court had found a constitutional violation. *See, e.g., Walker v. Nunn*, 456 F. App'x 419, 424 (5th Cir. 2011). There has been no evidence presented that any alleged failure to treat was due to any policy of either of these Defendants. Nor has there been any evidence submitted that either was personally involved in any alleged

deprivation so as to render either liable. *Id.*

GRIEVANCE PROCESS

In the later filed case, Plaintiff also complains that Defendants Buscher and Rice did not properly respond to his grievances regarding medical care. Inmates have no constitutionally protected right to have grievances resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Plaintiff has failed to state a claim against any Defendant arising from the handling of his grievances.

CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motions be granted and that both complaints be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636.

Respectfully submitted, this the 20th day of November, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE